# York Haven Water and Power Company's Assessment.

*Taxation—Assessments—Appeals—Location of property—Finding of fact—Change of venue.*

A corporation appealed from a tax assessment and thereupon petitioned for a change of venue. The petition was dismissed, but no exception was taken to such dismissal. The court found as a fact that the property was situated in the county where the assessment was made. On an appeal by the corporation this finding was sustained. Subsequently a neighboring county claiming that the property assessed was within its limits, intervened, but the court again found that the property was within the other county. The intervening county then took an appeal. *Held*, that on the appeal the intervening county could raise no question as to the dismissal of the petition for the change of venue, and had no standing to contend that the Act of April 14, 1905, P. L. 157, in relation to the surveying and marking of county lines, ousted the jurisdiction of the court.

Argued May 21, 1907. Appeal, No. 97, Jan. T., 1907, by York County and York Haven Borough, from order of C. P. Lancaster Co., Trust Book No. 19, page 257, dismissing appeal from tax assessment in the matter of the York Haven Water and Power Company, from the assessment of lands of York Haven Water and Power Company, by Lancaster County. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Appeal from tax assessment.
The opinion of the Supreme Court states the case.

*Errors assigned* were in the following form :

1. The learned court below erred in finding " That the power house is located east of ordinary low water mark and is in Conoy township, Lancaster county."

2. The learned court below erred in assuming jurisdiction of and deciding this contention as against the claims of York Haven borough and York county.

3. The learned court below erred in ignoring the claims of York Haven borough in York county and York county, that this contention could not be decided by the Lancaster county courts.

4. The learned court below erred in finding that the property in question is " properly assessable in Lancaster county."

5. The learned court below erred in finding " we . . . dismiss the appeal at the costs of the county of York and the borough of York Haven, at whose instance and request this hearing was granted."

6. The learned court below erred in refusing to order and direct a change of venue.

7. The learned court below erred in finding as follows: " The testimony of witnesses, who fix the line of low water mark, by the monument or mark on the ground, which is Ring Rock, and who are thus corroborated, is entitled to greater weight than that of witnesses who testify from recollection, the uncertainty of whose recollection is shown by the difference in their description of the condition of the land six years ago, before the power plant was erected."

8. The learned court below erred in finding " that the power house is located east of ordinary low water mark and is in

Conoy township, Lancaster county, and properly assessable in Lancaster county."

*W. U. Hensel* and *N. Sargent Ross*, with them *H. C. Brenneman* and *John J. Bollinger*, for appellants.

*B. J. Myers*, with him *Wm. R. Brinton* and *N. F. Hall*, for appellees.

OPINION BY MR. JUSTICE FELL, June 3, 1907:

On an appeal by the York Haven Water and Power Company it was decided, affirming the order of the court of common pleas, that its power house was located in Lancaster county and was assessable there: see 212 Pa. 622. On petition of the county of York and the borough of York Haven, the order made by the common pleas was opened and a rehearing was directed by that court in order that the petitioners might be heard on their claim that the property of the company ought to be assessed and taxed exclusively in the county of York. Upon the rehearing, to which the petitioners were parties, it was found as before that the property assessed was in the county of Lancaster. While this finding is assigned as error, its correctness, if not conceded, was not questioned on the argument. It is the only assignment properly before us.

A petition for a change of venue was presented by the York Haven Water and Power Company. That company had had its day in court, a final decision had been made against it and it had no standing to raise the question of jurisdiction; no exception was taken to the order dismissing its petition and it is not an appellant here. If there is any merit in the contention that the Act of April 14, 1905, P. L. 157, in relation to the surveying and marking of county lines, ousted the jurisdiction of the court, and we do not suggest that there is any, the question is not raised by the record. The rule granted on petition to stay proceedings until the dispute between the counties should be adjusted was revoked at the request of the appellant's counsel. The only question presented by the appeal was correctly decided.

The order of the court is affirmed at the cost of the appellants.